IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBBIN SIMMONS,                                   No. 3:15-cv-00790-HZ

           Plaintiff,

    v.

MILEGON, LLC dba MILWAUKEE                        OPINION & ORDER
ELECTRONICS, a foreign corporation,

           Defendant.


Eric J. Fjelstad
SMITH & FJELSTAD
722 N. Main Avenue
Gresham, Oregon 97030

    Attorney for Plaintiff

Clarence M. Belnavis
FISHER & PHILLIPS LLP
111 S.W. Fifth Avenue, Suite 4040
Portland, Oregon 97204

    Attorney for Defendant


1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Robbin Simons filed this employment discrimination action on May 7, 2015, alleging that Defendant, her former employer, violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, by failing to accommodate Plaintiff's disability and by terminating her because of her disability. She also alleges that Defendant retaliated against her because she sought accommodation for her disability.

On May 11, 2015, a Notice of Case Assignment and Discovery and Pretrial Scheduling Order was issued, setting a deadline of October 8, 2015 for both a Joint Alternate Dispute Resolution (ADR) Report and the Pretrial Order. On September 23, 2015, Defendant filed an Answer and a Corporate Disclosure Statement.

On October 20, 2015, this Court issued an Order to Show Cause, noting the October 8, 2015 due dates for the Joint ADR Report and Pretrial Order and further noting that neither filing had been made. The Order to Show Cause also noted that there had been no other communication by Plaintiff with the Court. Thus, pursuant to Local Rule 41-2(a), Plaintiff was ordered to appear in writing and show why the case should not be dismissed for want of prosecution. Plaintiff was given fourteen days, or until November 3, 2015, to make such an appearance.

Plaintiff failed to respond to the Order to Show Cause. Thus, on November 9, 2015, an Order of Dismissal was filed dismissing the case. Plaintiff now moves to reinstate the case. I deny the motion.

In support of the motion, Plaintiff's counsel filed a Declaration in which he explains that as a result of the death of his law partner, his lack of secretarial or other help, and his own

neglect, he forgot to file a summons until July and then when he did, he used an incorrect case number, causing it to be returned. Fjelstad Decl. at ¶ 1. Then, he forgot again and did not serve the summons and the Complaint until September 2015. Id. He states that he was confused about whether an Answer had been filed in this case because he filed at least two other cases on the same day as the instant case and thus, he "can only surmise now that I mistook this case as having been answered, confusing it with one of the other two." Id. at ¶ 2.

He recalls that shortly after filing the lawsuit, he received a call from Clarence Belnavis, who informed Plaintiff's counsel that Belnavis would be lead defense counsel. Id. at ¶ 3. Plaintiff's counsel remembers Belnavis talking about an Answer, but "misunderstood him to say that he either had filed one or would be filing an answer." Id.

Plaintiff's counsel then states that he has been experiencing problems with his email system off and on for several months and most recently, was unable to receive or send emails since about the middle of October 2015. Id. at ¶ 4. His email system was down continuously since that time until he was finally able to repair it on November 9, 2015. Id. As a result of these problems, Plaintiff's counsel did not receive the October 20, 2015 Order to Show Cause. It was only after the email system was repaired on November 9, 2015 that he learned of that Order.

Based on these facts, Plaintiff asks the Court to reinstate the case to the "active docket."

Plaintiff does not cite a rule or any law in support of the motion. The statements made by Plaintiff's counsel about the Answer indicate that he remains confused because an Answer was in fact filed on September 23, 2015. Regardless of that misapprehension, Plaintiff's counsel does not state that he was unaware of the Court's May 11, 2015 Scheduling Order setting the October 8, 2015 dates. The facts that Defendant was not served until September 2015 and that Plaintiff's

counsel was, and still is, unaware that Defendant filed its Answer on September 23, 2015, are irrelevant to the obligation of Plaintiff to comply with the Scheduling Order deadlines or to seek an extension of those deadlines.

Under Federal Rule of Civil Procedure 60(b)(1), the applicable rule here, the Court may relieve a party from an order for certain reasons such as mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The only possible argument Plaintiff can make is that the dismissal should be set aside because Plaintiff's counsel's conduct was "excusable neglect." None of the other bases for relief apply.

Plaintiff's counsel's malfunctioning email is not a basis for finding excusable neglect. Plaintiff's counsel's Declaration establishes that he knew his email system was not functioning properly or reliably. Then, the system was not functioning at all for a period of what appears to be at least three weeks. In 2015, it is irresponsible for an attorney to allow this to happen and to fail to establish another method of communicating with the Court and monitoring the docket. As Plaintiff's counsel knows, this Court uses an electronic docketing system and requires attorneys practicing in this Court to be registered users of that system. Local Rule 5-1. The Local Rules make clear that service of documents is accomplished electronically. Local Rule 5-1(a)(2). Exemptions from participating in the electronic docketing system are allowed for good cause shown in a particular case. Local Rule 5-1(b). Plaintiff's counsel could have sought an exemption from that system until his email system was repaired or could have established another method of monitoring docket activity during that time. His failure to have a functioning email system for several weeks is neglect, but it is not excusable, at least on the record he has presented to the Court in support of this motion. See Yeschick v. Mineta, 675 F.3d 622, 629-30

(6th Cir. 2012) (court denied the plaintiff's Rule 60(b)(1) motion and found that the plaintiff's counsel's neglect was <u>not</u> excusable when he failed to update his email address with the court and did not otherwise monitor the docket).

## CONCLUSION

Plaintiff's motion to reinstate [11] is denied.

IT IS SO ORDERED.

Dated this 18 day of Dec, 2015

Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER